

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 13, 1951

Hon. Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. V-1188.

Re: Necessity for food sup-
plies for the county
jail to be purchased by
the county purchasing
agent.

Dear Sir:

You have requested an opinion on the following question:

"Is it the duty of the Purchasing Agent
of Dallas County to buy supplies of food for
the jail?"

Article 1040, Vernon's Code Criminal Procedure,
provides:

"For the safe keeping, support and main-
tenance of prisoners confined in jail or under
guard, the sheriff shall be allowed the follow-
ing charges:

"1. For the safekeep of each prisoner
for each day the sum of fifteen cents, not
to exceed the sum of two hundred dollars per
month.

"2. For support and maintenance, for
each prisoner for each day such an amount
as may be fixed by the commissioners court,
provided the same shall be reasonably suffi-
cient for such purpose, and in no event shall
it be less than forty cents per day nor more
than seventy-five cents per day for each pris-
oner. The net profits shall constitute fees
of office and shall be accounted for by the
sheriff in his annual report as other fees
now provided by law. The sheriff shall in
such report furnish an itemized verified ac-
count of all expenditures made by him for
feeding and maintenance of prisoners, accom-
panying such report with receipts and vouchers

in support of such items of expenditure, and the difference between such expenditures and the amount allowed by the commissioners court shall be deemed to constitute the net profits for which said officer shall account as fees of office.

"3.  For necessary medical bill and reasonable extra compensation for attention to a prisoner during sickness, such an amount as the commissioners court of the county where the prisoner is confined may determine to be just and proper.

"4.  For reasonable funeral expenses in case of death."

In Attorney General's Opinion to Hon. J. L. Crosthwait, County Auditor of Dallas County, dated November 14, 1933, it was held that the provisions of Article 1040 would control over the provisions of Section 11 of House Bill 911, Acts 43rd Leg., R.S. 1933, ch. 236, p. 805 (Art. 2372, note, V.C.S.), which provided in part:

"The Commissioners Court of such counties may appoint a 'purchasing agent' for such county, whose duties, official bond and compensation shall be fixed by said Commissioners Court, provided his compensation shall not exceed Three Thousand, Six Hundred Dollars ($3,600.00) per year.

"All purchases of every kind and character, whether of supplies, materials, equipment or machinery, shall be made through and by said purchasing agent, regardless of whether same are to be paid for by the county or by any officer out of the fees of his office. The above enumeration shall not be construed as exclusive."

It was stated in the above mentioned opinion:

"It is my opinion that no irreconcilable conflict exists between the provisions

of Section 11 of the Act and of Article 1040. Even, however, if such conflict does exist, the special treatment of the subject contained in Article 1040 under the rules of statutory construction which must be applied would control over the general provisions of Section 11. Repeals by implication are not favored under the rules of statutory construction and this is particularly true where the last expression of the Legislature is general in its terms as opposed to a special provision which is specific in its treatment of the subject. Under such circumstances the special statute will prevail over the general.

"It has been the long-standing policy of the Legislature of this State to commit the care and maintenance of prisoners to the sheriff. I do not believe that it was the intention of the Legislature to alter this policy by the provisions of Chapter 236, Acts of the Forty-third Legislature. If such an intention did exist it would have been a relatively easy thing to have made express provision therefor, both in the caption of the bill and in its test."

The identical language of Section 11 of House Bill 911 of the Forty-third Legislature was re-enacted without change by House Bill 961, Acts 47th Leg., R.S. 1941, ch. 458, p. 729 (Dallas County Road Law). It is our opinion that a like construction should be placed on House Bill 961 of the Forty-seventh Legislature. You are advised, therefore, that it is not the duty of the Purchasing Agent of Dallas County to buy supplies of food for the jail, for that duty is expressly conferred on the sheriff by Article 1040, V.C.C.P. Att'y Gen. Ops. 0-329 (1939), 0-2379 (1940), V-359 (1947).

## SUMMARY

It is not the duty of the Purchasing Agent of Dallas County to buy supplies of

food for the jail since that duty is by
specific statute conferred on the sher-
iff.  Art. 1040, V.C.C.P.; Att'y Gen. Ops.
O-329 (1939), O-2379 (1940), V-359 (1947).

APPROVED:                              Yours very truly,

J. C. Davis, Jr.                          PRICE DANIEL
County Affairs Division               Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

By                                        John Reeves
Charles D. Mathews                        Assistant
First Assistant

JR:mw